UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YASEEN CHOWDHURY,

                     Plaintiff,

     -against-

MATTEO GLAUDIO,

                     Defendant.
-----------------------------------------------------------------X

**ORDER**
**24 CV 05937 (OEM)(LB)**

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff requests a certificate of default and default judgment against defendant Matteo Glaudio. ECF No. 7. As an initial matter, plaintiff's request for a default judgment is denied as premature. <u>See</u> Local Civil Rule 55.2(a)(1) (a party seeking a default judgment must file an affidavit or declaration showing that the Clerk of Court has entered a certificate of default).

Plaintiff's request for a certificate of default is denied for multiple reasons. First, a party seeking a certificate of default must file a certificate of service showing that the request for a certificate of default and supporting affidavits have been served on the party against whom default is sought. Local Civil Rule 55.1(a)(4). Plaintiff has failed to do so. Second, plaintiff's affidavit does not show that the requirements for service of process have been satisfied. <u>See</u> Local Civil Rule 55.1(a)(2). Plaintiff's affidavit of service states that his process server delivered the summons to "PSA Ellenberg #223[,] a person of suitable age and discretion," at 1490 Franklin Avenue Room 101, Garden City, NY 11501. ECF No. 6. The affidavit states that this address is "the Tenant dwelling place," but the Court notes that the Nassau County Police Department website states that this is the address for the Nassau County Police Department Records Bureau. Serving the summons and complaint solely by delivering it to a person of "suitable age and discretion" is only proper at the defendant's "dwelling or usual place of abode." Fed. R. Civ. P.

4(e)(2)(B); <u>see also</u> N.Y. C.P.L.R. 308(2). When a plaintiff has filed an affidavit of service, courts presume "in the absence of contrary facts" that the defendant has been served. <u>Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.</u>, 301 F.3d 54, 57 (2d Cir. 2002). Given that the process server's affidavit misidentifies the 1490 Franklin Avenue address as a tenant dwelling place, the affidavit does not show that defendant Glaudio has been served.

Accordingly, plaintiff shall serve defendant Glaudio and file proof of proper service with the Court by November 25, 2024. <u>See</u> ECF No. 5. Finally, plaintiff's letters at ECF Nos. 6-1 and 8 include a copy of plaintiff's passport card that lists plaintiff's date of birth. Plaintiff is reminded that this information should be redacted from all documents filed with the Court to protect his privacy. <u>See</u> Fed. R. Civ. P. 5.2. Accordingly, access to those letters has been restricted to case participants only.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: October 28, 2024
       Brooklyn, New York